IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE NATIONAL AUTOMATIC SPRINKLER INDUSTRY WELFARE FUND, | * * | |
| Plaintiffs, | * | Civil No. TDC-19-0625 |
| v. | * | |
| AMIGO FIRE PROTECTION, LLC, | * | |
| Defendant. | * * * * * * * | |

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Entry of Default Judgment ("Motion") (ECF No. 12) filed by Plaintiffs, National Automatic Sprinkler Industry Welfare Fund, National Automatic Sprinkler Local 669 UA Education Fund, National Automatic Sprinkler Industry Pension Fund, the International Training Fund, and Road Sprinkler Fitters Local Union 669 Work Assessments and Extended Benefit Fund (hereinafter, the "Funds"). Defendant Amigo Fire Protection, LLC ("Amigo") has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). On July 8, 2018, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6, Judge Chuang referred this case to me for a report and recommendation on the Funds' Motion. (ECF No. 13.) I find that a hearing is unnecessary in this case. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that the Funds' Motion be granted.

**I.  FACTUAL AND PROCEDURAL HISTORY**

In this case, the Funds filed suit against Amigo under the Employee Retirement Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 the Labor-

Management Relations Act, 29 U.S.C. § 185(a), to recover amounts owed to the Funds under the terms of a Collective Bargaining Agreement ("CBA") (ECF No. 1.) Amigo was personally served with the Complaint and summons (*see* ECF No. 5), but it did not file an answer or responsive pleading within the requisite time period. On April 25, 2019, the Funds moved for the Clerk's entry of default (ECF No. 8), and the Clerk entered default against Amigo on April 29, 2019. (ECF No. 10.) On April 30, 2019, the Funds filed the Motion, to which Amigo has not responded.

## II. LEGAL ANALYSIS

### A. Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Ryan*, 253 F.3d at 780. Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151 at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages, however; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

**B.     Liability**

ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. ERISA further provides that employers who fail to make timely contributions are liable in a civil action for unpaid contributions, interest on the unpaid contributions, liquidated damages, reasonable attorney's fees and costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(a), (g).

The following facts are taken from the Complaint (ECF No. 1) and the Funds' Memorandum in support of their Motion (ECF No. 12-1) and the exhibits attached thereto. The Funds allege that they are multiemployer employee pension benefit plans within the meaning of

29 U.S.C. § 1002(3). (ECF No. 1 ¶ 2.) The Funds are established and maintained pursuant to the provisions of Restated Agreements and Declarations of Trust and the CBA between Road Sprinkler Fitters and Apprentices Local Union No. 669 (the "Union") and Amigo. (*Id.*)

On May 18, 2016, Amigo executed a Letter of Intent (ECF No. 12-5) in which it designated Road Sprinkler Fitters Local Union 669 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Local 669") as its exclusive representative for collective bargaining regarding pay, wages, hours, and other terms and conditions of employment. (ECF No. 12-4 at 1.) On March 31, 2017, Amigo and Local 669 executed a Project Agreement (ECF No. 12-6) for work performed at an airport in New Orleans. Pursuant to the Project Agreement, Amigo and Local 669 mutually agreed to be bound to the terms and conditions of the CBA between the National Fire Sprinkler Association, Inc. and Local 669, which was effective from April 1, 2016 through March 31, 2021 (ECF No. 12-7).

The CBA established terms and conditions of employment for certain of Amigo's employees. (ECF No. 1 ¶ 4.) Under the CBA, Amigo agreed to pay the Funds certain sums of money for each hour worked by employees covered by the CBA at the New Orleans airport job. (*Id.* ¶ 5.) The CBA also bound Amigo to the Declarations of Trust establishing the Funds ("Trust Agreements") (ECF Nos. 12-8, 12-9, 12-10, 12-11 & 12-12). Among other things, the Trust Agreements provided that the Trustees of the Funds have discretion to adopt rules and procedures concerning payments to the Funds, audits, liquidated damages, and to enforce the collection of delinquent contributions. (*See* ECF No. 12-4 at 2.) Pursuant to the authority delegated to them by the Trust Agreements, the Trustees of the Funds adopted the Guidelines for

Participation in the Sprinkler Industry Trust Funds ("Guidelines") (ECF No. 12-13). A copy of the Guidelines was mailed to Amigo. (ECF Nos. 12-4 at 2 & 12-14.)

Amigo failed to make its required contributions to the Funds for the months of May 2018 through August 2018. (ECF No. 12-4 at 3.) Amigo transmitted remittance reports to the Funds for these months, but it did not pay the required contributions. (*Id.*) Accordingly, Amigo's contributions for the months of May 2018 through August 2018 are late.

Accepting as true the unchallenged allegations of the Complaint, along with the evidence that the Funds submitted in connection with their Motion, the Funds have established Amigo's liability for its failure to make the timely contributions required by the CBA and the Trust Agreements.

### C. Damages

Having determined that the Funds have established Amigo's liability, it is now appropriate to determine the damages to which the Funds are entitled. The damages the Funds seek in their Motion are appropriate under Rule 54(c) so long as "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010). Here, the Funds have provided sufficient evidence to support their claim for damages in the amount of $51,402.51.

In support of their claim for damages, the Funds rely on a declaration signed by John Eger ("Eger"), the Assistant Fund Administrator of the Funds. (ECF No. 12-4). Eger explains the basis for the Funds' damages claims for Amigo's delinquent contributions, liquidated damages, interest, costs, and attorney's fees. As discussed above, these damages are allowed under ERISA. 29 U.S.C. § 1132(g).

Based on Amigo's self-reporting to Funds for the months of May 2018 through August 2018, Amigo was delinquent in its contributions in the amount of $39,088.60. (ECF Nos. 12-4 at 3 & 12-15.) The full amount of Amigo's delinquent contributions remains outstanding. The Funds also seek liquidated damages in the amount of $7,175.36, the calculation of which is shown at ECF No. 12-15.[1] Because the CBA required Amigo to pay its contributions to the Funds on a timely basis, and because the CBA requires Amigo to pay certain liquidated damages on delinquent contributions, I recommend that the Funds be awarded $39,088.60 for Amigo's delinquent contributions and $7,175.36 for liquidated damages.

The Funds also seek interest on the delinquent contributions in the amount of $3,504.05, the calculation of which is shown at ECF No. 12-15. Under the terms of the Trust Agreements, if an employer does not make the required contributions, the Funds are entitled to "interest from the due date to the date of payment at the rate of 12% per annum" (ECF No. 12-8 at 37). *See* 29 U.S.C. § 1132(g) (providing that "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26"). Here, the Funds' calculation of interest is at the rate of 12% per annum through May 6, 2019. I recommend that the Funds be awarded interest on the delinquent contributions in the amount of $3,504.05, plus accruing interest through the date of payment.

The Funds also seek an award of attorney's fees and costs, which are available in ERISA cases. 29 U.S.C. §1132(g)(2). When a court enters judgment in favor of the plaintiff in an ERISA action for a plan to recover unpaid contributions, it "shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." *Id*. In calculating an award

---

[1] It appears, based on a review of the Funds' damages calculation, that the Funds do not seek liquidated damages for all delinquent contributions. Instead, the Funds appear to only seek liquidated damages for the following contribution categories: welfare, education, pension, SIS, and ITF. (ECF No. 12-15.)

of attorney's fees, the court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008). The Fourth Circuit has stated that a court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009). In addition, Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides that lawyers admitted to the bar for twenty years or more may reasonably bill $300-475 per hour. Paralegals and law clerks may reasonably bill $95-150 per hour. These rates serve as guidelines in determining the reasonableness of hourly rates.

Throughout this litigation, the Funds have been represented by Charles W. Gilligan ("Mr. Gilligan") of the law firm O'Donoghue & O'Donoghue, LLP. (*See* ECF No. 12-6.) Mr. Gilligan has been a licensed attorney for more than 30 years. (*Id.* ¶ 1.) Mr. Gilligan charged a rate of $310.00 per hour in this case. (*Id.* ¶ 5.) This rate is within the guidelines set forth in the Local Rules and I find it to be a reasonable hourly rate. Mr. Gilligan was assisted by a paralegal, Teresa Butler, who charged a rate of $122.00 per hour. This rate is also within the guidelines set forth in the Local Rules and I find it to be a reasonable hourly rate. I further find that the time that Mr. Gilligan and Ms. Butler spent working on this case (*see* ECF Nos. 12-16 ¶ 3 & 12-17) is reasonable. Finally, the Funds incurred a total of $595.00 in costs, which includes the $400.00 fee for filing the Complaint and a $195.00 out-of-state service fee. (ECF Nos. 12-16 ¶ 6, 12-17 &

7

12-18.) I recommend that the Court award the Funds attorney's fees in the amount of $1,039.50 and costs in the amount of $595.00.

In total, I recommend that $51,402.51 in damages be awarded to the Funds against Amigo. This amount is comprised of $39,088.60 in delinquent contributions; $7,175.36 in liquidated damages; $3,504.05 in interest assessed at the rate of 12% per annum on unpaid contributions through May 6, 2019 and continuing to accrue through the date of payment; $1,039.50 in attorney's fees; and $595.00 in costs.

### III. CONCLUSION

In sum, I recommend that the Court:

1. Grant the Motion for Default Judgment (ECF No. 12) filed by Plaintiffs;

2. Enter judgment in favor of Plaintiffs against Defendant Amigo Fire Protection, LLC in the amount of $51,402.51, plus interest to accrue through the date of payment.

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendant Amigo Fire Protection, LLC.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

<u>August 22, 2019</u>          /s/
Date                              Timothy J. Sullivan
                                  United States Magistrate Judge